**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:26-cv-20760-LEIBOWITZ**

**LOUIS VUITTON MALLETIER,**

  *Plaintiff,*

v.

**BAGHAVEN2025.COM, AN**
**INDIVIDUAL, BUSINESS ENTITY, OR**
**UNINCORPORATED ASSOCIATION,**

  *Defendant.*

_____/

## DEFAULT FINAL JUDGMENT AND PERMANENT INJUNCTION

**THIS CAUSE** is before the Court on Plaintiff's Motion for Entry of Default Final Judgment against Defendant (the "Motion") [ECF No. 13], filed on April 15, 2026. For the reasons set forth in the Court's Order granting the Motion, [ECF No. 14], entered separately, it is hereby **ORDERED AND ADJUDGED** that Default Final Judgment is entered in favor of Plaintiff, Louis Vuitton Malletier ("Plaintiff"), and against Defendant Baghaven2025.com, an Individual, Business Entity, or Unincorporated Association ("Defendant") as follows:

(1)  Permanent Injunctive Relief:

Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendant are permanently restrained and enjoined from:

   a.  manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods bearing and/or using Plaintiff's trademarks, or any confusingly similar trademarks, identified in Paragraph 14 of Plaintiff's Complaint [ECF No. 1] (the "Louis Vuitton Marks");

   b.  using the Louis Vuitton Marks in connection with the sale of any unauthorized goods;

c.     using any logo, and/or layout which may be calculated to falsely advertise the services or products of Defendant as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff;

d.     falsely representing themselves as being connected with Plaintiff, through sponsorship or association;

e.     engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendant are in any way endorsed by, approved by, and/or associated with Plaintiff;

f.     using any reproduction, counterfeit, copy, or colorable imitation of the Louis Vuitton Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendant;

g.     affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent goods offered for sale or sold by Defendant as being those of Plaintiff, or in any way endorsed by Plaintiff and from offering such goods in commerce;

h.     otherwise unfairly competing with Plaintiff;

i.     using the Louis Vuitton Marks, or any confusingly similar trademarks, within domain name extensions, metatags, or other markers within website source code, from use on any webpage (including as the title of any web page), in any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which are visible to a computer user or serves to direct computer searches to e-commerce stores, seller names, websites, or domain names registered, owned or operated by Defendant; and

j.     effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above.

(2)    <u>Additional Equitable Relief</u>:

a.     In order to give practical effect to the Permanent Injunction, upon Plaintiff's request, the domain name baghaven2025.com (the "E-commerce Store Name") is hereby ordered to be immediately transferred by Defendant, its assignee and/or successor in interest or title, and the Registrar to Plaintiff's control. To the extent the current Registrar does not facilitate the transfer of the E-commerce Store Name to Plaintiff's control within five (5) days of receipt of this Judgment, upon Plaintiff's request, the Defendant and the top level domain ("TLD") Registry for the E-commerce Store Name, or its administrators, including backend registry operator or administrator, shall, within thirty (30) days, (i) change the Registrar of Record for the E-commerce

Store Name to a Registrar of Plaintiff's choosing, and that Registrar shall transfer the E-commerce Store Name to Plaintiff, or (ii) place the E-commerce Store Name on Registry Hold status for the life of the current registration, thus removing it from the TLD zone files maintained by the Registry which link the E-commerce Store Name to the IP address where the associated website is hosted;

b.  Pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, Defendant and all third parties with actual notice of this Order are enjoined from participating in, including providing financial services, technical services or other support to, Defendant in connection with the sale and distribution of non-genuine goods bearing and/or using counterfeits of the Louis Vuitton Marks;

c.  Plaintiff may serve this injunction on any e-mail service provider with a request that the service provider permanently suspend the e-mail addresses which are or have been used by Defendant in connection with Defendant's promotion, offering for sale, and/or sale of goods bearing and/or using counterfeits and/or infringements of the Louis Vuitton Marks;

d.  Plaintiff may serve this injunction on any service provider, including specifically Cloudflare, Inc., with a request to permanently cease providing any services to Defendant in connection with any and all domain names, including but not limited to, the E-commerce Store Name, and website through which Defendant engages in the promotion, offering for sale and/or sale of goods using counterfeits of the Louis Vuitton Marks, including permanently deleting the E-commerce Store Name from its DNS used for the DoH (1.1.1.1) and identifying the website operating under the E-commerce Store Name as a phishing website based upon Defendant's unlawful phishing activities being conducted via the E-commerce Store Name; and

e.  Upon Plaintiff's request, Defendant shall request, in writing, permanent termination of any messaging services, e-commerce store names, usernames, and social media accounts it owns, operates, or controls on any messaging service, e-commerce marketplace, or social media website.

(3)  <u>Statutory damages pursuant to 15 U.S.C. § 1117(c)</u>: Plaintiff is entitled to an award of statutory damages against Defendant pursuant to 15 U.S.C. § 1117(c) as follows:

a.  $1,320,000.00 against Defendant, for which let execution issue;

The Court considered both the willfulness of Defendant's conduct and the deterrent value of the award imposed, and the award falls within the permissible statutory range of 15 U.S.C. § 1117(c).

(4) Pursuant to 15 U.S.C. § 1116, 28 U.S.C. § 1651(a), The All Writs Act, Rule 65 of the Federal Rules of Civil Procedure, and the Court's inherent authority that, upon Plaintiff's request, Defendant and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, PayPal, Inc. ("PayPal"), and their related companies and affiliates, are to immediately (within five (5) business days) identify, restrain, and be required to surrender to Plaintiff all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the E-commerce Store Name including all related e-commerce store names used by Defendant presently or in the future, as well as any other related E-commerce Store Name(s) and account(s) of the same customer(s), and any other account(s) which transfer funds into the same financial institution account(s). Such financial accounts and/or sub-accounts shall remain restrained until such funds are surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein. All financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, PayPal and their related companies and affiliates, shall provide to Plaintiff at the time any funds are surrendered, a breakdown reflecting the (i) total funds restrained in this matter of Defendant; (ii) total chargebacks, refunds, and/or transaction reversals deducted from Defendant's funds restrained prior to release; and (iii) the total funds released of Defendant to Plaintiff.

(5) Interest from the date this action was filed shall accrue at the legal rate. *See* 28 U.S.C. § 1961.

(6) The Court retains jurisdiction to enforce this Default Final Judgment and Permanent Injunction.

4

(7)      The *Clerk* is directed to **CLOSE** this case. All deadlines are **TERMINATED** and any pending motions are **DENIED** as moot.

**DONE AND ORDERED** in the Southern District of Florida on April 16, 2026.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:      counsel of record